## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ROBERT CARRIER**                                                              **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 3:13CV420-HTW-LRA**

**SANDRA ATWOOD, ET AL**                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Robert Carrier [hereinafter "Plaintiff"] filed a Complaint pursuant to 42 U.S.C. Section 1983 on July 2, 2013, naming as Defendants Judge Mike Smith, "USA," Officer Atwood, Warden Grimes, Officer Mr. Tomas, Officer Ms. Tomas, and John Doe Warden of Parchman. Plaintiff is a convicted felon in the custody of the Mississippi Department of Corrections [MDOC] and housed at the East Mississippi Correctional Facility [EMCF]. By Memorandum Opinion and Order [9] filed December 2, 2013, the Court dismissed Judge Mike Smith, the United States, and MDOC from this case. Summonses were issued for Defendants Atwood, Mr. Tomas, Ms. Tomas, and Warden Grimes. All of the summonses were returned unexecuted on December 18, 2013, either because the Defendant was no longer employed at EMCF or because he or she could not be identified without first names.

Because Plaintiff is *pro se*, the undersigned was hesitant to recommend that his case be dismissed due to his failure to have process served without determining whether or not his case could go forward under 28 U.S.C. § 1915. Accordingly, the Court conducted an

omnibus or *Spears*[1] hearing on November 4, 2014, in order to allow Plaintiff an opportunity to fully explain and augment the factual basis of his claims orally by giving sworn testimony regarding what he alleged in the written Complaint.  After this hearing, and considering Plaintiff's sworn testimony, the written pleadings, as well as the applicable law, the undersigned recommends that Plaintiff's Complaint be dismissed for the reasons set forth herein below.

## FAILURE TO SERVE PROCESS

Plaintiff has not given the Court the full names of Defendants, or their current addresses, even though the Complaint was filed well over a year ago.  It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute his case by not having caused process to be served within 120 days after the summonses were returned unexecuted.

FED. R. CIV. P.4(m) provides as follows:

> **(m) Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be effected within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ...

The time period for serving process originally expired at least by April 18, 2014, 120 days after process was returned unexecuted.  The Court has not previously dismissed the case

---

[1] The hearing was conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

because prisoner plaintiffs are given great latitude in effecting process due to their incarceration.  However, Plaintiff has been given a great deal of time and has not provided the Court with current address or the full names of the defendants he has named.  This Court has no jurisdiction over these persons and has been unable to determine any addresses for service for these named Defendants.  They are no longer employed by EMCF and the undersigned has been informed that they now reside in other states.

This Court also has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*,  370 U.S. 626, 630-631 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.  The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

The undersigned recommends that the Complaint be dismissed without prejudice due to Plaintiff's failure to complete service of process in accordance with FED. R. CIV. P. 4(m).  Alternatively, the Complaint should be dismissed on its merits for the reasons set forth below.

3

MERITS OF THE CLAIMS

Plaintiff was granted *in forma pauperis* [IFP] status by Order entered August 12, 2013 [7]. A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). The undersigned conducted a *Spears* hearing for this purpose and to "bring into focus the factual and legal bases of prisoners' claims." *Id.* at 9 (quoting *Spears,* 766 F.2d at 181). The undersigned gave Plaintiff the opportunity to explain and/or expand his claims at the hearing.

Plaintiff testified that he was illegally extradited from California to Mississippi and convicted of armed robbery. He filed a habeas petition under 28 U.S.C. § 2254 challenging his extradition and conviction in 3:13cv421-CWR-LRA. Accordingly, any testimony and complaints regarding the purported illegality of those proceedings is not before the Court in this civil case regarding his conditions of confinement. Plaintiff has been housed at Parchman and at the Washington County Regional Correctional Facility in Greenville, and he is now housed at EMCF. The conditions about which he complains are from EMCF.

Plaintiff testified that his primary complaint was that he was raped, but that it was a "spiritual rape" involving astral projection. According to Plaintiff, he could feel the rape, like he was being pinched, but he was not physically touched during the attack. He charges that they have grabbed his soul somewhere else, but they were controlling him during the

4

rape.  Plaintiff charges that Defendant Warden Grimes raped him in this manner, and then took his clothes so that no DNA could be taken, and then placed him in an isolation cell. Defendant Grimes told Plaintiff he was unstable before seizing all his belongings.

Plaintiff testified that he reported the rape to Defendant Atwood, and she only asked him if he used safe sex— rather than have him treated for the rape.  That is his only claim against Defendant Atwood.

Plaintiff testified that Defendant Officer Ms. Tomas was "ripping me off" in his canteen.  He was trying to start a business, and he told Officer Ms. Thomas about the idea. He wanted to get little boxes, like cracker boxes, and put designs on them like paper mache, and put two strings on each box.  Parents could then put candy in the box and then hit it with poppers.  The popper is made out of folded paper; when you hit it, the paper mache goes everywhere.  Plaintiff charges that after he told her about the idea, she took the paper from him and tried to take his canteen money out of the canteen.  She tried to grab him spiritually to control his soul, and that is sorcery and rape, according to Plaintiff.

Plaintiff testified that Defendant Ms. Tomas's husband or cousin, Defendant Officer Mr. Thomas, had him transferred to the Central Mississippi Correctional Facility [CMCF] after this, and he was "involved" in beating up Plaintiff.  Plaintiff generally contends that he was beaten by all the staff members at Parchman, CMCF and EMCF.  He is uncertain of the identities and the dates; his testimony was unclear as to whether some of these actions were spiritual or physical.  He could not clearly identify anyone who physically beat him with enough particularity to have the officer served with process of this Court.

5

Plaintiff also requested that the Court assist him in having the United States "take out" the Muslims and their countries, as instructed by Deuteronomy 7.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Neitzke.*

The Plaintiff is prosecuting this case *pro se.* Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). When process was returned unexecuted, rather than recommending dismissal at that time, the undersigned gave Plaintiff the opportunity to explain his claims orally and to supplement and augment the written allegations contained in his Complaint.[2] Even under a liberal standard of review, the

---

[2]Plaintiff was given an opportunity at the hearing to amend his written complaint by his testimony, and the Court finds that Plaintiff has alleged his best case. Based upon his testimony, no amended complaint could cure his claims. *See Jones v. Greninger,* 18 F.3d 322, 327 (5th Cir. 1999) (dismissal with prejudice is appropriate if a court finds that plaintiff has alleged his best case).

undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under any rule of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Although a court must assume all well-pleaded allegations in the complaint as true the court need not assume as true "legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 550 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court in *Iqbal* established the following two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted. First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, U.S. at 679. Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. The "plausibility standard" of Rule 8 applies to all civil actions and must be met in order to survive a motion to dismiss. *Iqbal*, *id*.

The undersigned has reviewed Plaintiff's complaint under Rule 8, as augmented by his testimony at the hearing, and finds that his claims do not meet the plausibility standard

required under the rule.  His allegations are not supported with plausible facts sufficient to state a cause of action upon which relief could be granted.

Prisoners are certainly "entitled to reasonable protection from sexual assault." *Johnson v. Johnson,* 385 F.3d 503, 532 (5th Cir. 2004).  However, in order to state an Eighth Amendment claim for excessive force under *Hudson v. McMillian*, 503 U.S. 1, 7 (1992), there must be more than a *de minimus* physical injury.  In this case, there was no physical injury from the spiritual rape and the spiritual control of the soul.  There simply is no constitutional violation when there is no physical event, and these claims should be dismissed with prejudice.

A claim is factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 324-38).  Many of the claims made by Plaintiff at the hearing fall within this description.

Although Plaintiff generally contends that he was also beaten physically by the correctional officers at every facility he was housed in, he could provide no specifics regarding who beat him, and when and where.  He could not provide the full identities of those persons who beat him in more than a spiritual manner.

## CONCLUSION

The undersigned, having carefully considered the complaint, as augmented by the sworn testimony of Plaintiff at the hearing, as well as the applicable law, finds that Carrier's

claims have no basis either in law or in fact and, therefore, are frivolous[3] and fail to state a claim on which relief may be granted.  For these reasons, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and(ii) and that Final Judgment in favor of Defendants be entered.

Alternatively, the Complaint filed by Plaintiff should be dismissed without prejudice pursuant to  FED. R. CIV. P.  4(m) for failure to cause process to be served within 120 days. In that event, if Plaintiff objects to dismissal and shows good cause as to why his case should not be dismissed, he should be required to explain to the Court how he intends to proceed against these Defendants.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[3]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Respectfully submitted, this the 29th day of December 2014.


                                        S/ *Linda R. Anderson*
                                UNITED STATES MAGISTRATE JUDGE